MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
FACUNDO SANCHEZ DE JESUS, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COLLECTIVE ACTION** |
|  | **UNDER 29 U.S.C. § 216(b)** |
| -against- | **ECF Case** |

FAMOUS ITALIAN VILLAGE INC., (d/b/a
ITALIAN VILLAGE PIZZA) 1494 FIRST AVE
RESTAURANT CORP. (d/b/a ITALIAN
VILLAGE PIZZA), JGL RESTAURANT CORP.
(d/b/a ITALIAN VILLAGE PIZZA), Joseph
Notaro, Christian Leon, and JOSE LEON,

*Defendants.*

----------------------------------------------------------X

Plaintiff Facundo Sanchez De Jesus ("Plaintiff Sanchez" or "Mr. Sanchez"), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon information and belief, and as against each of Defendants FAMOUS

ITALIAN VILLAGE INC. (d/b/a Italian Village Pizza), 1494 FIRST AVE RESTAURANT

CORP. (d/b/a Italian Village Pizza), JGL RESTAURANT CORP. (d/b/a ITALIAN VILLAGE

PIZZA),   ("Defendant Corporations"), Joseph Notaro, Christian Leon, and JOSE Leon

(collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Sanchez is a former employee of Defendants FAMOUS ITALIAN

VILLAGE INC., 1494 FIRST AVE RESTAURANT CORP., JGL RESTAURANT CORP.

(d/b/a ITALIAN VILLAGE PIZZA), Joseph Notaro, Christian Leon, and JOSE Leon.

2.      Italian Village Pizza is an Italian restaurant owned by Joseph Notaro, Christian Leon, and JOSE Leon located at 1494 First Avenue #1, New York, NY 10075.

3.      Upon information and belief, Defendants Joseph Notaro, Christian Leon, and JOSE Leon serve or served as owners, managers, principals and/or agents of Defendant Corporations, and through these corporate entities operate the Italian restaurant.

4.      Plaintiff Sanchez is a former employee of Defendants, employed ostensibly as a delivery worker.

5.      While Plaintiff Sanchez  ostensibly was employed as a delivery worker, he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to sweeping the restaurant and the sidewalk, mopping the entire restaurant, changing the oil for the fryer, cooking sausages, spinach, broccoli, cutting sausage and spinach, preparing spinach, mushrooms and broccoli, cleaning the fryer, the kitchen, the bathroom, wiping down the windows, washing the street near the garbage exit with acid, and dishwashing (hereinafter "non-delivery, non-tip duties").

6.      Plaintiff Sanchez regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage, overtime compensation or spread of hours pay for any of the hours that he worked.

7.      Rather, Defendants failed to pay Plaintiff Sanchez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Sanchez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

2

9.      Defendants employed and accounted for Plaintiff Sanchez as a delivery worker in their payroll, but in actuality his duties included a significant amount of time performing the non-delivery, non-tipped duties alleged above.

10.     Regardless of duties, Defendants paid Plaintiff Sanchez and all other delivery workers at a rate that was lower than the required lower tip-credit rate.

11.     In addition, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Sanchez's non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Sanchez's actual duties in payroll records to avoid paying Plaintiff Sanchez at the minimum wage rate, and to enable them to pay Plaintiff Sanchez  at the lower tip-credited rate (which they still failed to do), by designating him as a delivery worker instead of a non-tipped employee.

13.     Defendants' conduct extended beyond Plaintiff Sanchez to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Sanchez  now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL")

§§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.     Plaintiff Sanchez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Sanchez's state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Sanchez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

19.     Plaintiff Facundo Sanchez De Jesus ("Plaintiff Sanchez") is an adult individual residing in Bronx County, New York. Plaintiff Sanchez was employed by Defendants from approximately May 2019 until on or about May 16, 2021.

20.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Sanchez consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21.     At all times relevant to this Complaint, Defendants owned, operated, and/or controlled an Italian restaurant located at 1494 First Avenue #1, New York, NY 10075 under the name "Italian Village Pizza."

22.     Upon information and belief, FAMOUS ITALIAN VILLAGE INC. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1494 First Avenue #1, New York, NY 10075.

23.     Upon information and belief, 1494 FIRST AVE RESTAURANT CORP. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1494 First Avenue #1, New York, NY 10075.

24.     Upon information and belief, JGL RESTAURANT CORP. (d/b/a ITALIAN VILLAGE PIZZA) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1494 First Avenue #1, New York, NY 10075.

25.     Defendant Joseph Notaro is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Joseph Notaro is sued individually and in his capacity as an owner, officer and/or agent of Defendant

5

Corporations. Defendant Joseph Notaro possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations and/or controlled significant functions of Defendant Corporations. Defendant Joseph Notaro determined the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

26.     Defendant Christian Leonis an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Christian Leonis sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Christian Leon possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations and/or controlled significant functions of Defendant Corporations. Defendant Christian Leon determined the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

27.     Defendant JOSE Leon is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant JOSE Leon is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant JOSE Leon possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations and/or controlled significant functions of Defendant Corporations. Defendant JOSE Leon determined the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, established the

schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.      Defendants operate an Italian restaurant located in the Upper East side section of Manhattan in New York city.

29.      Individual Defendants Joseph Notaro, Christian Leon, and JOSE Leon possess or possessed operational control over Defendant Corporations, possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

30.      Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

31.      Each Defendant possessed substantial control over Plaintiff Sanchez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sanchez, and all similarly situated individuals, referred to herein.

32.      Defendants jointly employed Plaintiff Sanchez, and all similarly situated individuals, and were Plaintiff Sanchez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.      In the alternative, Defendants constituted a single employer of Plaintiff Sanchez and/or similarly situated individuals.

34.     Upon information and belief, individual Defendants Joseph Notaro, Christian Leon and JOSE Leon operate or operated Defendant Corporations as either alter egos of themselves and/or fail or failed to operate Defendant Corporations as legal entities separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed corporations or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiff Sanchez's employers within the meaning of the FLSA and NYLL.

36.     Defendants had the power to hire and fire Plaintiff Sanchez, control the terms and conditions of his employment, and determine the rate and method of any compensation in exchange for Plaintiff Sanchez's services.

37.     In each year from 2019 to 2021, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprises are directly engaged in interstate commerce. For example, numerous items that were sold in the Italian restaurant on a daily basis, such as sodas and salmon, are produced outside of the State of New York.

*Individual Plaintiff*

39.     Plaintiff Sanchez is a former employee of Defendants who ostensibly was employed as a delivery worker, but who spent more than 20% of his work days performing the non-delivery, non-tip duties outlined above.

40.     Plaintiff Sanchez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Facundo sanchez De Jesus*

41.     Plaintiff Sanchez was employed by Defendants from approximately May 2019 until on or about May 16, 2021.

41.     At all relevant times, Plaintiff Sanchez ostensibly was employed by Defendants primarily as a delivery worker.

42.     However, Plaintiff Sanchez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

43.     Although Plaintiff Sanchez ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

44.     Plaintiff Sanchez regularly handled goods in interstate commerce, such as cooking oil and food produced outside of the State of New York.

45.     Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

46.     Throughout his employment with Defendants, Plaintiff Sanchez regularly worked in excess of 40 hours per week.

47.     From approximately May 2019 until on or about March 2020, Plaintiff Sanchez worked two weeks each month from approximately 3:00 p.m. until on or about 12:00 a.m. six days a week (typically 54 hours per week).

48.     From approximately May 2019 until on or about March 2020, Plaintiff Sanchez worked two weeks each month from approximately 3:00 p.m. until on or about 12:00 a.m. seven days a week (typically 63 hours per week).

49.     From approximately March 2020 until on or about May 16, 2021, Plaintiff Sanchez worked from approximately 11:00 a.m. until on or about 10:30 p.m. five days a week and from approximately 11:00 a.m. until on or about 12:00 a.m. one day a week (typically 70.5 hours per week).

50.     Throughout his entire employment period, Defendants paid Plaintiff Sanchez's wages in cash.

51.     From approximately May 2019 until on or about November 2019,  Defendants paid Plaintiff Sanchez  a fixed salary of $450 per week when he worked 6 days and $550 per week when he worked seven days.

52.     From approximately March 2020 until on or about May 16, 2021, defendants paid Plaintiff Sanchez a fixed salary of $500 per week.

53.     Plaintiff Sanchez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

54.     For example, from approximately March 2020 until on or about May 16, 2021, Defendants required Plaintiff Sanchez to work an additional 30 minutes past his scheduled departure time five days a week, and two hours past his scheduled departure time one day a week, and did not pay him for the additional time he worked.

55.     Defendants never granted Plaintiff Sanchez a meal break or rest period of any length.

56.     Plaintiff Sanchez was never notified by Defendants that his tips were being included as an offset for wages.

57.     Defendants never accounted for these tips in any daily, weekly or other accounting of Plaintiff Sanchez's wages.

58.     Defendants withheld a portion of Plaintiff Sanchez's tips; specifically, Defendants withheld 5% of the tips he earned each day.

59.     Plaintiff Sanchez was only required to sign in each day, but defendants never allowed him to sign out.

60.     In addition, Defendants required Plaintiff Sanchez to sign his name into a

11

notebook in order to release his weekly pay.

61.    Additionally, on or about January 2021, Defendant Jose Leon coerced Plaintiff Sanchez to sign a document, the contents of which he was not allowed to review in detail, nor did Defendants translate the contents of the document.

62.    Defendants never provided Plaintiff Sanchez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

63.    Instead, Defendants required Plaintiff Sanchez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

64.    Defendants never provided Plaintiff Sanchez with a written notice, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sanchez regarding overtime and wages under the FLSA and NYLL.

66.    Defendants required Plaintiff Sanchez to purchase "tools of the trade" with his own funds—including one electric bicycle, one helmet, and a raincoat for deliveries.

*Defendants' General Employment Practices*

67.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage, spread of hours pay and overtime compensation, as required by federal and state laws.

68.    Plaintiff Sanchez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

69.     Defendants' pay practices resulted in Plaintiff Sanchez not receiving payment for all his hours worked, resulting in Plaintiff Sanchez's effective rate of pay falling below the required minimum wage rate.

70.     Defendants habitually required their employees, including Plaintiff Sanchez, to work additional hours beyond their regular shifts, but never provided them with any additional compensation.

71.     Defendants required Plaintiff Sanchez and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

72.      Plaintiff Sanchez and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

73.     Plaintiff Sanchez's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

74.      Plaintiff Sanchez and all other tipped workers were paid at a rate that was lower than the required tip-credit rate by Defendants.

75.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Sanchez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

76.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly,

13

under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

77.     In violation of federal and state law as codified above, Defendants classified Plaintiff Sanchez and other tipped workers as tipped employees, and paid them at a rate that was lower than the required tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

78.     Defendants failed to inform Plaintiff Sanchez who received tips that Defendants intended to take a deduction against Plaintiff Sanchez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

79.     Defendants failed to inform Plaintiff Sanchez who received tips, that his tips were being credited towards the payment of the minimum wage.

80.     Defendants failed to maintain a record of tips earned by Plaintiff Sanchez who worked as a dishwasher and a delivery worker for the tips he received.

81.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Sanchez who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving a dishwasher and a delivery workers of a portion of the tips earned during the course of employment.

82.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

14

83.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

84.     Defendants paid Plaintiff Sanchez's wages in cash.

85.     Defendants required Plaintiff Sanchez to sign a document the contents of which he was not allowed to review in detail in order to release his weekly wages.

86.     Additionally, Defendant Jose Leon coerced Plaintiff Sanchez to sign a document, the contents of which he was not allowed to review in detail, nor did defendants translate the contents of the document.

87.     Defendants only permitted Plaintiff Sanchez to sign in but never to sign out.

88.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Sanchez, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Sanchez 's, relative lack of sophistication in wage and hour laws.

89.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sanchez   (and similarly situated individuals) worked, and to avoid paying Plaintiff Sanchez  properly for (1) his full hours worked, (2) the minimum wage, (3) his spread of hours pay and (4) for overtime due.

90.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

91.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Sanchez and other similarly situated former workers.

92.     Defendants failed to provide Plaintiff Sanchez  and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

93.     Defendants failed to provide Plaintiff Sanchez   and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

94.     Plaintiff Sanchez  brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or

any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

95.     At all relevant times, Plaintiff Sanchez , and other members of the FLSA Class who are and/or were similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay at one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

96.     The claims of Plaintiff Sanchez  stated herein are similar to those of the other employees.

## <u>FIRST CAUSE OF ACTION</u>

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

97.     Plaintiff Sanchez  repeats and realleges all paragraphs above as though fully set forth herein.

98.     At all times relevant to this action, Defendants were Plaintiff Sanchez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Sanchez  (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

99.     At all times relevant to this action, Defendants engaged in commerce or in an industry or activity affecting commerce.

100.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

101.    Defendants failed to pay Plaintiff Sanchez  (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

102.    Defendants' failure to pay Plaintiff Sanchez  (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

103.    Plaintiff Sanchez  (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA OVERTIME PROVISIONS

104.    Plaintiff Sanchez  repeats and realleges all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants were Plaintiff Sanchez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Sanchez  (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

106.    At all times relevant to this action, Defendants engaged in commerce or in an industry or activity affecting commerce.

107.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

108.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Sanchez  (and the FLSA Class members) overtime compensation at rates of one and

one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

109.    Defendants' failure to pay Plaintiff Sanchez  (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

110.    Plaintiff Sanchez  (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

111.    Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

112.    At all times relevant to this action, Defendants were Plaintiff Sanchez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Sanchez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

113.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Sanchez less than the minimum wage.

114.    Defendants' failure to pay Plaintiff Sanchez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

115.    Plaintiff Sanchez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

116.    Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

19

117.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Sanchez  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

118.    Defendants' failure to pay Plaintiff Sanchez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

119.    Plaintiff Sanchez was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

120.    Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

121.    Defendants failed to pay Plaintiff Sanchez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Sanchez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

122.    Defendants' failure to pay Plaintiff Sanchez an additional hour's pay for each day Plaintiff Sanchez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

123.    Plaintiff Sanchez was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

124.    Plaintiff Sanchez  repeats and realleges all paragraphs above as though fully set forth herein.

125.    Defendants failed to provide Plaintiff Sanchez  with a written notice, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

126.    Defendants are liable to Plaintiff Sanchez  in the amount of $5,000, together with costs and attorneys' fees.

<u>**SEVENTH CAUSE OF ACTION**</u>

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

127.    Plaintiff Sanchez  repeats and realleges all paragraphs above as though set forth fully herein.

128.    Defendants did not provide Plaintiff Sanchez  with a statement of wages with each payment of wages, as required by NYLL 195(3).

129.    Defendants are liable to Plaintiff Sanchez  in the amount of $5,000, together with costs and attorneys' fees.

<u>**EIGHTH CAUSE OF ACTION**</u>

**RECOVERY OF EQUIPMENT COSTS**

130.    Plaintiff Sanchez  repeats and realleges all paragraphs above as though set forth fully herein.

131.    Defendants required Plaintiff Sanchez  to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

132.    Plaintiff Sanchez  was damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION**
**OF THE NEW YORK LABOR LAW**

133.    Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

134.    At all relevant times, Defendants were Plaintiff Sanchez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

135.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

136.    Defendants unlawfully misappropriated a portion of Plaintiff Sanchez's tips that were received from customers.

137.    Defendants knowingly and intentionally retained a portion of Plaintiff Sanchez's tips in violations of the NYLL and supporting Department of Labor Regulations.

138.    Plaintiff Sanchez was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sanchez  respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

22

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sanchez    and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sanchez  and the FLSA class members;

(d)     Declaring that Defendants' violation of the provisions of the FLSA are willful as to Plaintiff Sanchez  and the FLSA class members;

(e)     Awarding Plaintiff Sanchez   and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)     Awarding Plaintiff Sanchez  and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sanchez  and the members of the FLSA Class

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sanchez  and the members of the FLSA Class;

(i)     Declaring that Defendants violated the Spread of Hours Wage Order of the New

York Commission of Labor as to Plaintiff Sanchez  and the members of the FLSA Class;

(j)      Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiff Sanchez's compensation, hours, wages and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Sanchez;

(l)      Awarding Plaintiff Sanchez  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(m)      Awarding Plaintiff Sanchez  damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiff Sanchez  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay  and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)      Awarding Plaintiff Sanchez  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)       Awarding Plaintiff Sanchez  and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

24

(r)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Sanchez  demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
June 2, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By:     Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

25

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 18, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Facundo Sanchez de Jesus

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:               18 de mayo 2021

*Certified as a minority-owned business in the State of New York*